## Investments by Banks and Trust Companies

UMSTED, Deputy Attorney General, February 27, 1948.—You ask to be advised concerning the limitations imposed upon local banks and bank and trust companies in respect to the amount of money which they may invest in bonds of municipalities or corporations outside of Pennsylvania. And you inquire particularly if such institutions may, under the restrictions contained in section 1006 of the Banking Code of May 15, 1933, P. L. 624, as amended, invest more than 10 percent of their capital and surplus in the obligations of any out-of-State municipality or corporation.

Section 1006 of the Banking Code of 1933, as amended, 7 PS §819-1006, consists of subsection A, which generally limits the amount to be loaned to any one corporation or person to 10 percent of capital and surplus of the creditor bank or bank and trust company, followed by five numbered exceptions; subsection B, which modifies the preceding subsection in certain cases where collateral is involved, and subsection C, which furnishes the criterion by which liabilities of debtors are to be measured and which defines loans.

The text of section 1006 in full appears in a footnote.[1] The portions relevant to your question we quote as follows:

---

[1] "Section 1006. A. A bank or a bank and trust company shall not, directly or indirectly, lend to any corporation or person an amount which, including any extension of credit to such corporation or person by means of letters of credit or by acceptance of drafts for, or the discount or purchase of the notes, bills of exchange, or

"A. A bank or a bank and trust company shall not, directly or indirectly, lend to any corporation or person an amount which, including any extension of credit to such corporation or person by means of letters of credit or by acceptance of drafts for, or the discount or purchase of the notes, bills of exchange, or other commercial paper of, such corporation or person, shall

other commercial paper of, such corporation or person, shall exceed ten per centum of the unimpaired capital and ten per centum of the unimpaired surplus of the bank or bank and trust company. However, this restriction shall have no application whatsoever to the following:

"(1) Loans to the United States, or loans secured by not less than the face amount of bonds or other interest-bearing obligations of the United States, or bonds or other interest-bearing obligations for the payment of the principal and interest on which the faith and credit of the United States is pledged, to the extent that such loans are secured or covered by guaranties, or by commitments or agreements to take over, or to purchase, made by any Federal Reserve Bank or by the United States, or any department, bureau, board, commission, or establishment of the United States, including any corporation wholly owned directly or indirectly by the United States.

"(2) Loans to the Commonwealth of Pennsylvania, or any county, city, borough, township, incorporated town, or school district thereof, or an Authority which has been created as a body corporate and politic under any law of this Commonwealth, or loans secured by bonds or other interest-bearing obligations of the Commonwealth, or any county, city, borough, township, incorporated town, or school district thereof, or of any Authority which has been created as a body corporate and politic under any law of the Commonwealth, or bonds or other interest-bearing obligations for the payment of the principal and interest on which the faith and credit of the Commonwealth, or any county, city, borough, township, incorporated town, or school district thereof, or of any Authority which has been created as a body corporate and politic under any law of this Commonwealth is pledged.

"(3) The discount of drafts or bills of exchange drawn in good faith against actual existing values.

"(4) The discount of trade acceptances or other commercial paper, actually owned by the corporation or person negotiating it to the bank or bank and trust company, and endorsed without restriction by such corporation or person.

"(5) The discount of notes secured by shipping documents, warehouse receipts, or other similar documents conveying or securing title to readily marketable nonperishable staple goods, including live-stock, when the actual market value of the property

exceed ten per centum of the unimpaired capital and ten per centum of the unimpaired surplus of the bank or bank and trust company. However, this restriction shall have no application whatsoever to the following:

"(1) Loans to the United States, or loans secured by not less than the face amount of bonds or other interest-bearing obligations of the United States, or bonds or other interest-bearing obligations for the

securing the obligations, is not at any time less than one hundred fifteen per centum of the face amount of the notes secured by such documents, and when such property is fully covered by insurance.

"B. However, a bank or a bank and trust company may, in addition to the ten per centum authorized by this section, lend to any corporation or person an additional fifteen per centum of the unimpaired capital and fifteen per centum of the unimpaired surplus of the bank or the bank and trust company, if such additional fifteen per centum is secured by collateral having an ascertained market value of at least twenty per centum more than the amount of the liability so secured.

"C. In computing the total liabilities of any individual to a bank or a bank and trust company, there shall be included all liabilities to the bank or bank and trust company of any partnership or any unincorporated association of which he is a member, any loans made for his benefit or for the benefit of such partnership or unincorporated association, and any loans made to, or for the benefit of, a corporation of which he owns fifty per centum or more of the capital.

"In computing the total liabilities of any partnership or unincorporated association to a bank or a bank and trust company, there shall be included all liabilities of its individual members to such bank or bank and trust company, loans made for the benefit of such partnership or unincorporated association, or any member thereof, and loans made to, or for the benefit of, any corporation of which the partnership or unincorporated association, or any member thereof, owns fifty per centum or more of the capital.

"In computing the total liabilities of any corporation to a bank or a bank and trust company, there shall be included all loans made for the benefit of the corporation, and all loans to, or for the benefit of, any individual or any partnership or unincorporated association, or any member thereof, who owns fifty per centum or more of the capital of such corporation.

"A loan shall be deemed to be made for the benefit of a corporation or a person to the extent that the proceeds of such loan are transferred to such corporation or person. (1933, May 15, P. L. 624, art. X, §1006; 1935, June 21, P. L. 382; 1937, June 2, P. L. 1185; 1939, June 24, P. L. 737; 1943, May 21, P. L. 475; 1945, February 21, P. L. 7)."

payment of the principal and interest on which the faith and credit of the United States is pledged, . . .

"(2)  Loans to the Commonwealth of Pennsylvania, or any county, city, borough, township, incorporated town, or school district thereof, or an Authority which has been created as a body corporate and politic under any law of this Commonwealth, or loans secured by bonds or other interest-bearing obligations of the Commonwealth, or of any county, city, borough, township, incorporated town, or school district thereof, . . ."

This section speaks of loans to "any corporation or person", and while strictly speaking a municipality is not a person nor need it necessarily be a corporation— there are many unincorporated towns throughout the nation—we must conclude from the whole tenor of the law, that by this language the legislature intended to encompass all classes of debtors; hence the word corporation used there must be held to include municipal corporation and the word person, unincorporated municipality.

We point out that in the paragraphs following the general restrictions imposed in subsection A of section 1006 of the Banking Code of 1933, the legislature has made no reference to loans to municipalities outside of Pennsylvania nor to their bonds. Consequently, if municipal bonds are loans within the meaning of subsection A, then the limitations upon the amount to be invested in those out-of-State municipalities, are obviously applicable.

If the forepart of subsection A, which speaks only of loans, leaves open to question whether or not the legislature intended this word to include the purchase price of bonds, the succeeding two paragraphs answer in the affirmative. Paragraph (1) refers to loans to the United States secured by bonds and paragraph (2) to loans to the Commonwealth and its political subdivisions secured by bonds.

It follows that the provisions of subsection A of section 1006 apply to municipal bonds, and, out-of-

State municipal bonds not being excepted from these general provisions, no Pennsylvania bank or bank and trust company may invest more than 10 percent of its capital and surplus in the bonds or other evidences of indebtedness of any out-of-State municipality or corporation.

This conclusion is not at variance, but in accord with Mortgages Insured by the Federal Housing Administrator, 24 D. & C. 155. That opinion treated with investment in bonds issued under authority of the National Housing Act of June 27, 1934, and held, inter alia, that the limitations of section 1006 did not apply to F. H. A. debentures guaranteed as to principal and interest by the United States, since they were exempted from the applicability of the 10 percent rule by paragraph (1) as loans to the United States. It held, however, as follows:

"As to bonds not so secured, the limitation applies and a bank or a bank and trust company shall not hold at any time bonds of one person or corporation in excess of the amount permitted by Section 1006. . . ."

Obviously if a municipality can lawfully post collateral security with a Pennsylvania creditor bank or bank and trust company, then the provisions of subsection B of section 1006 come into play and a loan to it may in such case, exceed the 10 percent restriction. With that problem, however, the request is not concerned. And we indicate it merely that our conclusion on the question involved may be read in a light undimmed by this collateral subject.

We are of the opinion and you are accordingly advised that under section 1006 of the Banking Code of May 15, 1933, P. L. 624, as amended, 7 PS §819-1006, no Pennsylvania bank or bank and trust company may invest more than 10 percent of its capital and surplus in the bonds, debentures or other evidences of indebtedness of any one out-of-State municipality or corporation.